**OFFICE OF DISCIPLINARY COUNSEL, Appellee,**

v.

**John Arnold FITZGERALD, Appellant.**

Supreme Court of Tennessee.

Nov. 3, 1980.

Lance B. Bracy, Disciplinary Counsel, Nashville, for appellee.

Proctor Upchurch, Pikeville, for appellant.

OPINION

FONES, Justice.

Appellee brought three charges of professional misconduct against appellant, John Arnold Fitzgerald, a lawyer practicing in Rhea County, Tennessee.

Trial was held before a hearing panel composed of Edwin C. Harris, Chairman, Hugh P. Garner and Robert Kirk Walker. The panel found appellant guilty of unprofessional conduct based upon charge one and that Disciplinary Counsel had failed to carry the burden of proof with respect to the other charges. The hearing panel entered judgment that appellant be suspended from the practice of law for a period of one year.

Appellant sought and was granted de novo review in the Circuit Court of Rhea County, Tennessee and Honorable William H. Inman was designated to hear the case, as provided in S.C. R. 42. Chancellor Inman heard additional testimony and upon the transcript of the evidence presented before the hearing panel, the depositions and exhibits filed, entered judgment affirming the findings and suspension decreed by the panel.

The hearing panel found the following facts with respect to charge one:

"The Respondent represented Carl Brock charged with receiving and concealing a diamond necklace valued at approximately Five Hundred Dollars ($500) during a burglary of Glenda Thurman's home on November 30, 1976. Respondent also represented Rickey Stewart who had criminal charges pending against him as a result of the same burglary. The warrant for Rickey Stewart was issued on or about December 5, 1976, and the warrant for Carl Brock was issued on or about December 19, 1976. Respondent was contacted by Rickey Stewart following his arrest while he was at the Rhea County Jail. Upon arrival at the jail Respondent determined that Stewart had given a written confession in which he admitted that he had taken a diamond ring, a diamond necklace and a gun from the residence of Glenda Thurman and that Carl Brock had the property. Certain property was thereafter picked up at the Brock residence which included the ring, but not the necklace or gun. Carl Brock was subsequently arrested for receiving and concealing stolen property, and he thereafter contracted Respondent to represent him. Frances P. Brock told Respondent that her mother had the necklace. The Brocks understood that the necklace was to be gotten and returned. Respondent had known the Thurman family for many years. He told members of the family that he was trying to get the necklace back. Respondent called Glenda Thurman a week or more before the date of the preliminary hearing advising that he understood she had lost a diamond necklace and stating that he thought he could get her necklace back if she dropped the charges against Carl Brock. Glenda Thurman rejected this proposal. Frances Parrott Brock and Carl Brock returned the necklace to the Respondent's office approximately three (3) weeks before Brock's preliminary hearing. Respondent did not offer the testimony of his secretary who received the envelope containing the necklace from Frances Brock and was advised by her to bring it to the Respondent's atten-tion. Respondent claimed that he did not find the necklace until the week-end before the preliminary hearing for Brock which occurred on a Tuesday. Upon inquiry, Respondent reported that the stolen diamond necklace was in his possession at the time of the preliminary hearing for Carl Brock and delivered it to the Sheriff after the hearing.

Rickey Stewart was convicted and sentenced to three–to–five (3–5) years as a result of the theft. On April 15, 1977 Respondent was indicted by the Rhea County Grand Jury on the charge of bribery of a witness in violation of *T.C.A.* § 39–835 in reference to these matters which charges are presently pending.

The Respondent was guilty of unprofessional conduct and violated disciplinary rules DR1–102(A)(1), (2), (3), (4), (5), (6), 7–102(A)(3), (7), (8), 7–109(C), in offering to attempt to get the diamond necklace back if Glenda Thurman, the prosecutrix, dropped the criminal charges against Carl Brock, in holding the stolen necklace after it was delivered to his office, and in representing conflicting interests."

Appellant's secretary testified before Chancellor Inman. She testified that no one gave her an envelope containing a necklace while she was employed as appellant's secretary.

We have read the entire record in this case with great care and concur in the findings and suspension decreed by the two tribunals.

If we could give full faith and credit to appellant's version of the time sequence and manner of his "discovery" that the necklace was in his office, and of his conversations with members of the Thurman family with respect to the charges against Carl Brock, at times when the return of the necklace was available as bait, his conduct remains inexcusable and unprofessional and justifies the suspension.

While we are of the opinion that the punishment imposed upon appellant could be regarded as lenient, we are reluctant to

substitute our judgment for that of two separate triers of fact who heard the material witnesses testify in person.

The judgment of the Circuit Court of Rhea County, Tennessee, is affirmed.

Disciplinary counsel and appellant are directed to agree on the date of the entry of an order pursuant to Section 18.3 of Rule 42, not more than fifteen days after the date this opinion is released, and also to comply with all other provisions of Section 18.

Costs are adjudged against appellant.

BROCK, C. J., and COOPER, HARBISON and DROWOTA, JJ., concur.